UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LOREN L. LEISER,

      Petitioner,

v.                                                              Case No. 21-CV-792

DANIEL CROMWELL,

      Respondent.

---

**DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

---

Loren L. Leiser, who is currently incarcerated at the Redgranite Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Amended Habeas Petition, Docket # 5.) The respondent has filed a motion to dismiss Leiser's petition as untimely. (Docket # 14.) For the reasons explained below, the respondent's motion is granted and Leiser's habeas petition is dismissed.

## BACKGROUND

On May 13, 1998, Leiser was convicted of four counts of second-degree sexual assault of a child and one count of exposing a child to harmful material in Milwaukee County Circuit Court Case No. 98CF000894 and of three counts of child abuse in Milwaukee County Circuit Court Case No. 98CF001659. On July 1, 1998, Leiser was sentenced to twenty years of imprisonment in Case No. 98CF000894 for counts one and three to run consecutively, while his sentences for counts two, four, and five, as well as for the three counts in Case No. 98CF001659, were withheld and probation ordered. Leiser subsequently filed a motion for postconviction relief, which the circuit court denied. Leiser filed a notice of appeal on

December 30, 1999, and on January 30, 2001, the Wisconsin Court of Appeals affirmed the judgments of conviction. On May 8, 2001, the Wisconsin Supreme Court denied Leiser's petition for review.

On May 21, 2002, Leiser filed a Wis. Stat. § 974.06 motion for postconviction relief in circuit court. The circuit court denied the motion on May 31, 2002, and Leiser appealed. The court of appeals dismissed Leiser's appeal on December 26, 2002.

Leiser next filed a *pro se* motion for a new trial based on newly discovered evidence in circuit court on March 4, 2004. The circuit court denied the motion on March 19, 2004, and Leiser appealed. Leiser then filed a motion for reconsideration and an additional postconviction motion in circuit court on April 13, 2004. The circuit denied these motions on April 23, 2004, and Leiser appealed. On May 16, 2006, the court of appeals affirmed the orders of the circuit court. Leiser then petitioned the Wisconsin Supreme Court for review, and they denied the petition on July 25, 2006.

On April 30, 2008, Leiser filed a petition for a writ of habeas corpus in this Court. *See* Case No. 08-CV-368 (E.D. Wis.). The Honorable Judge Lynn Adelman dismissed Leiser's petition as untimely. (Docket # 32 in Case No. 08-CV-368 (E.D. Wis.)) Leiser appealed to the Seventh Circuit Court of Appeals, which denied a certificate of appealability on October 19, 2009. (Docket # 17-1 at 1.)

On September 8, 2011, Leiser moved in circuit court for postconviction relief. On September 30, 2011, the circuit court granted in part and denied in part Leiser's motion and amended the judgment of conviction in Case No. 98CF000894 on October 4, 2011. Leiser filed a *pro se* motion for reconsideration and a notice of appeal. The circuit court denied Leiser's reconsideration motion on December 15, 2011. On July 2, 2013, the court of appeals

2

Case 2:21-cv-00792-NJ    Filed 09/28/22    Page 2 of 11    Document 23

dismissed Leiser's appeal regarding Case No. 98CF1659 for lack of jurisdiction and affirmed the orders of the circuit court in Case No. 98CF00894. On November 26, 2013, the Wisconsin Supreme Court denied Leiser's petition for review.

On August 4, 2016, Leiser raised the issues regarding parole and presumptive mandatory release in a petition for writ of habeas corpus before the circuit court. (*See Leiser v. Meisner*, Wisconsin Circuit Court Access Program ("CCAP"), Milwaukee County Case No. 2016CV6011, at https://wcca.wicourts.gov/.) The circuit court dismissed Leiser's petition on March 2, 2017, and Leiser filed a notice of appeal on April 28, 2017, commencing Appeal No. 2017AP857. (*Id.*) On August 21, 2018, the Wisconsin Court of Appeals affirmed the circuit court's denial of Leiser's habeas petition. (*Id.*) Leiser filed a petition for review with the Wisconsin Supreme Court, which was denied on January 15, 2019. (*See* Wisconsin Supreme Court and Court of Appeals Access Database, Appeal No. 2017AP857, at http://wscca.wicourts.gov.)

On December 23, 2019, Leiser filed a motion with the Seventh Circuit for an order authorizing a second or successive petition challenging his 1998 convictions, as well as challenging the 2011 state court sentence reduction order. (Docket # 17-1 at 1.) In an order dated January 17, 2020, the Seventh Circuit found that to the extent Leiser challenges his 2011 state court sentence reduction order, the court's leave was not required to file a petition as these claims did not arise from the underlying 1998 convictions and sentences. (*Id.* at 2.) As to the challenges to the 1998 convictions and sentences, however, the Seventh Circuit denied Leiser's request for permission to file a second or successive petition. (*Id.* at 3.) Again, the court of appeals remarked that its denial did not preclude Leiser from pursuing a first collateral attack on the 2011 sentence reduction order. (*Id.*)

Leiser filed another petition for habeas relief in this Court on June 25, 2021. (Docket # 1.) In an order dated July 26, 2021, the Honorable Brett H. Ludwig ordered Leiser to comply with Rule 2(d) of the Rules Governing 2254 Cases and use the Court's form for 2254 petitions. (Docket # 4.) Leiser filed the instant amended petition on August 24, 2021 (Docket # 5), and the case was reassigned to me on consent on October 29, 2021 (Docket # 12).

**ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, governs this case. Under AEDPA, habeas petitions challenging state court confinement are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Additionally, the statute specifies when the one-year limitations period begins to run and provides that the period of limitations is tolled while certain state proceedings are pending.

Specifically, the statute provides as follows:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

The respondent argues that Leiser's petition is untimely under both § 2244(d)(1)(A) and § 2244(d)(1)(D). I will address each argument in turn.

1.  *Section 2244(d)(1)(A)*

Section 2244(d)(1)(A) provides that the one-year habeas statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. The respondent argues that Leiser's petition is untimely because his 1998 convictions became final on August 6, 2001 and Leiser's habeas petition was not filed until June 25, 2021, almost two decades too late. (Resp.'s Br. at 1–2, Docket # 15.) Leiser asserts, however, that respondent is calculating his statute of limitations date based on the wrong final judgment. He argues that his present habeas petition is not based on his original convictions from 1998, but on his 2011 resentencing and "current 2021-22 continual unconstitutional detention." (Pet'r Resp. at 2, Docket # 17.)

Like his motion for leave to file a second or successive petition before the Seventh Circuit, Leiser's amended habeas petition appears to challenge both his underlying convictions from 1998 and the 2011 resentencing decisions. (Docket # 5 at 6–14.) Thus, to the extent that Leiser challenges his underlying 1998 convictions and argues that the Seventh Circuit's January 17, 2020 order allows him to do so in this petition, Leiser is incorrect. The

5

Seventh Circuit affirmed the district court's decision that Leiser's first habeas petition challenging his 1998 convictions was untimely. (Docket # 17-1 at 1.) The court of appeals specifically denied Leiser's request to file a second or successive habeas petition attacking his underlying 1998 convictions and sentences. (*Id.* at 2.) Furthermore, to the extent that Leiser relies on his subsequent appeals in state court as authority to challenge his underlying convictions, this does not change the analysis. Subsequent appeals in state court do not change or enlarge already expired time limits under 28 U.S.C. § 2241(d)(1)(A).

Leiser also contends, however, that he is not actually challenging issues from his 2001 direct appeal. (Docket # 17 at 2.) Rather, he asserts that the instant habeas petition raises issues related to his 2011 resentencing and "current 2021-22 continual unconstitutional detention." (*Id.*) To the extent, however, that Leiser's current habeas petition attacks his 2011 resentencing, it is also untimely.

As stated above, Leiser raised the issues regarding parole and presumptive mandatory release in a petition for writ of habeas corpus filed before the Milwaukee County Circuit Court on August 4, 2016. Leiser appealed the circuit court's denial of his petition, and after the court of appeals affirmed the denial, he filed a petition for review with the Wisconsin Supreme Court. The petition for review was denied on January 15, 2019. (*See* Wisconsin Supreme Court and Court of Appeals Access Database, Appeal No. 2017AP857, at http://wscca.wicourts.gov.) Leiser did not seek certiorari in the United States Supreme Court on his direct appeal, so direct review of his conviction ended when his time to do so expired, ninety days after the Wisconsin Supreme Court denied his petition for review. *See Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002). Ninety days after January 15, 2019 was April 15, 2019. For purposes of habeas review, Leiser's one-year statute of limitations began to run

6

the next day, on April 16, 2019. *See id.* at 675. Thus, Leiser had until April 16, 2020 to file his habeas petition. He did not do so until June 25, 2021. (Docket # 1.) Thus, his petition was untimely.

As explained above, Leiser did, however, file a motion before the Seventh Circuit on December 23, 2019 requesting permission to file a second or successive petition based on both his 2016 state habeas petition and his 1998 judgments of conviction. (*See* Docket # 1-1 in Seventh Circuit Case No. 19-3504.) While both parties address these Seventh Circuit proceedings, they do not seem to agree on their relevance to Leiser's statute of limitations analysis.

The respondent addresses these proceedings under § 2244(d)(2), which provides that the limitations period is tolled while a properly filed application "for State post-conviction or other collateral review" is pending. The respondent argues that even excluding the time between December 23, 2019 and January 17, 2020, Leiser's petition is untimely. (Docket # 20 at 4.) The respondent's math is indeed correct. Leiser's statute of limitations began running on April 16, 2019. Assuming it was tolled beginning on December 23, 2019, 251 days had already been "used" of the one-year limitations period. Thus, when the limitations period began running again on January 18, 2020, Leiser would have had 114 days remaining of his one-year statute of limitations to file his petition, or by May 11, 2020. Again, Leiser's petition was not filed until June 25, 2021.

But respondent's calculation is completely unnecessary. Section 2244(d)(2) tolls the statute of limitations while a properly filed application for *State* post-conviction or other collateral review is pending. It *does not* toll the time while a *federal* motion is pending. *See Lawrence v. Fla.*, 549 U.S. 327, 333 (2007) ("[Section] 2244(d)(2) refers exclusively to 'State

7

post-conviction or other collateral review,' language not easily interpreted to include participation by a federal court.").

Leiser, on the other hand, argues that the Seventh Circuit expressly gave him permission in its January 17, 2020 Order to proceed, arguing that he is "sure the court considered any timely issues in their decision." (Docket # 17 at 2.) But the court of appeals was not tasked with determining whether any future habeas petition Leiser filed was timely or not; rather, the court of appeals was tasked with deciding whether Leiser could file a second or successive habeas petition. The court of appeals' decision says nothing about timeliness; it states that Leiser's "various challenges to state correctional officials' parole and release-date decisions are not attacks on the validity of the underlying convictions and sentences; thus, they would not be barred by his 2008-2009 habeas action." (Docket # 17-1 at 2.) As such, the Seventh Circuit did not effectively waive or alter the statute of limitations as to the instant habeas petition.

For all of these reasons, I find that Leiser's petition is untimely under § 2244(d)(1)(A).

2.  *Section 2244(d)(1)(D)*

The respondent further argues that to the extent Leiser's petition falls under § 2244(d)(1)(D), it is also untimely. (Docket # 20 at 4–5.) Section 2244(d)(1)(D) provides that the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Assuming, then, that the Seventh Circuit's January 17, 2020 Order serves as the date on which Leiser was made aware of his potential claims, the petition remains untimely as it would have to be filed on or before January 17, 2021. Again, Leiser's petition was filed on June 25, 2021. Thus, although the Seventh Circuit did not preclude Leiser from filing claims arising out of his 2011

8

resentencing, Leiser waited too long, and his claims are indeed untimely under 28 U.S.C. § 2244(d)(1)(D) as well.

      3.     *Equitable Tolling*

The analysis, however, does not end here. The doctrine of equitable tolling can excuse an untimely filed habeas petition. Equitable tolling is granted "sparingly" and only when extraordinary circumstances far beyond the litigant's control prevented timely filing. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). In deciding whether the AEDPA limitations period should be equitably tolled, the court must determine that (1) the petitioner "has pursued his rights diligently" and (2) "extraordinary circumstances beyond his control stood in the way of the timely filing of his petition." *Id.* A litigant seeking equitable tolling bears the burden of establishing these two elements. *Holland v. Florida*, 130 S. Ct. 2549, 2566 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The Supreme Court has held that AEDPA's statute of limitations can also be overcome by a showing of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). To invoke the actual innocence exception to AEDPA's statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Beyond stating that he is an innocent person being unconstitutionally held and has filed an affidavit of innocence with the Seventh Circuit, Leiser does not attempt to show that either exception applies to his case. Thus, neither equitable tolling nor actual innocence excuses his untimely petition. For these reasons, Leiser's petition is denied and the case is dismissed.

# CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

For the reasons set forth in this decision denying Leiser's habeas petition, none of his claims warrant a certificate of appealability. The statutory timeliness of Leiser's petition is a straightforward issue, and I do not believe that a reasonable jurist would find it debatable whether this Court erred in resolving this procedural question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, I will deny Leiser a certificate of appealability.

Leiser retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket # 14) is **GRANTED** and the petitioner's amended petition for a writ of habeas corpus (Docket # 5) is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 28th day of September, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge